[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14772
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00279-CR-CAP-25

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN MAGANA-BERNAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 25, 2010)

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Martin Magana-Bernal appeals his sentence of 121 months of imprisonment following his plea of guilty to conspiracy to possess with intent to distribute at least five kilograms of cocaine, 21 U.S.C. §§ 841(b)(1)(A)(ii), 846; 18 U.S.C. § 2, and money laundering, id. § 1956(h). Magana-Bernal argues that he was entitled to a two-level reduction for his minor role in the conspiracy. We affirm.

The presentence investigation report stated that Magana-Bernal guarded one of several stash houses used by a large-scale drug organization that imported into Georgia more than 8000 kilograms of cocaine and exported to Mexico more than 155 million dollars in proceeds. The report attributed to Magana-Bernal the 70 kilograms of cocaine received at the stash house while he worked for the organization. The report listed a total offense level of 34 and, because Magana-Bernal had a criminal history of I, the report provided a sentencing range between 151 and 188 months of imprisonment.

Magana-Bernal objected to the report on two grounds. Magana-Bernal argued that he was entitled to a reduction for a minor role because he was a "caretaker" instead of a guard of the stash house. Magana-Bernal also argued that he was responsible only for 46 kilograms of cocaine because he was incarcerated when 24 kilograms of cocaine were received at the stash house.

The district court overruled Magana-Bernal's objection about the minor role but sustained his objection about the amount of cocaine. The district court calculated Magana-Bernal's total offense level at 32 and a guideline range between 121 and 151 months of imprisonment. The district court imposed a sentence at the low end of the guideline range and five years of supervised release.

Magana-Bernal was not entitled to a minor role reduction. Although Magana-Bernal was not a leader of the conspiracy, his role was not minor. See U.S.S.G. § 3B1.2, cmt. n.5. Magana-Bernal willingly joined a large-scale conspiracy to distribute cocaine; he was responsible for guarding a stash house that received 70 kilograms of cocaine for distribution and processed approximately $818,500 in drug proceeds; and he participated in at least two transfers of drug proceeds.

Magana-Bernal argues the district court reduced the amount of drugs for which he was held responsible from 70 to 46 kilograms to "fit a preconceived sentencing formula," but we disagree. The district court reduced the amount of drugs attributable to Magana-Bernal to reflect the actual quantity processed at the stash house while he was "in charge." The district court did not clearly err by finding that Magana-Bernal did not qualify for a reduction in his sentence.

Magana-Bernal's sentence is **AFFIRMED**.